Exhibit 10

GOVERNMENT OF PUERTO RICO
HEALTH DEPARTMENT
MEDICAL LICENSING AND DISCIPLINARY BOARD

| LICENSING AND DISCIPLINARY MEDICAL BOARD | Case No. T 2009-0002-2010-201 |
|---|---|
| v. | RE: Resolution 2010-53 |
| Dr. Francisco M. Dubocq Berdegez, | Certificate of Specialty in Urology |
| Lic. No. 9736 | |

NOTICE OF APPEARANCE AND REQUEST TO VACATE SUMMARY SUSPENSION

TO THE HONORABLE BOARD:

COMES NOW the defendant, Dr. Francisco M. Dubocq Berdeguez, through the undersigned counsel, and very respectfully files the instant motion as follows:

1. By Resolution entered on December 23, 2010 this Honorable Board: a) Summarily suspended the certification of speciality issued to the defendant, doctor Francisco M. Dubocq Berdeguez, by which he was authorized to practice the medical specialty of urology; b) ordered the defendant to cease and desist immediately of continue practicing the specialty of urology; and c) set a hearing for today, January 11th, 2011. The defendant received this Resolution on January 3, 2011.

2. The above resolution states that the Board received a complaint from the Puerto Rico Urological Association against doctor Dubocq. This board has not provided doctor Dubocq with copy of the complaint, in which, according to the resolution of the Board, it is alleged that doctor Dubocq did not meet the requirement of "one year of residency in an institution recognized and accredited by the American Board of Medical Specialties or the National Board of Specialty", and that he did not complete his residence in a program accredited by ACGME (Accreditation Council for Graduate Medical Education)".

3. On January 4, 2011 the defendant filed, *pro se*, a motion requesting continuance of the hearing set for January 11 in order to have the possibility of retaining the services of an attorney.

4. The summary suspension without hearing is an exceptional measure, because it always raises the question of whether it meets the constitutional requirement of due process of law. In this administrative proceeding, in addition to the absence of a previous hearing, the Board has cited the defendant to a hearing without providing a copy of the complaint that gave rise to the proceeding. Such an omission always violates the due process of law, since it leaves the defendant in a state of helplessness that is never justified. See, e.g., Unión Independiente v. Autoridad de Edificios Públicos, 146 D.P.R. 611 (1998).

5. The Resolution of this Board refers to its power to correct errors and the doctrine that an administrative error does not create rights or prevent their correction. Nonetheless, the Resolution does not mention what was the possible error or why it is appropriate to suspend summarily the defendant without a hearing and without previous notice of the complaint. See, Guillemard v. Contreras, Comisionado de Seguros de Puerto Rico, 490 F.3d 31 (1st Cir. 2007) (the summary suspension of a professional license without hearing and without previous notice of the charges violates the due process of law and requires for its correction the immediate reinstatement of the license); Chalkboard v. Brandt, 902 F.2d 1375 (9th Cir. 1989) (*idem*).

6. The mere invocation of public security is never enough to justify a summary procedure that dispenses of a hearing previous to the suspension of a license or a specialty certification. Especially when this board had passed opinion on doctor Dubocq's credentials, which were sufficient to be issued a certificate of specialty in urology; and that the defendant has never even been sued for alleged medical malpractice of his profession.

7. First, the defendant requests continuance of the hearing set for today, as it is imperative that he is provided with a copy of the complaint of Puerto Rico Urological Association and a

reasonable time to prepare for the hearing. Finally, the defendant also requests that this Honorable Board, in the *interim*, allows him to continue working as an urologist. To justify such a request, copies of the diplomas attesting that doctor Dubocq completed his four-year residency in urology, which are part of the file of doctor Dubocq before this Board (Exhibits A-1 and A-2), and a letter from the Accreditation Council for Graduate Medical Education (ACGME), in which it is certified that the institution where doctor Dubocq did his residency in urology is a participant in a program accredited by that entity (Exhibit B), are attached to this motion.

WHEREFORE, it is requested from this Honorable Board to continue the hearing set for today; to provide the defendant with copy of the complaint; and to rescind the summary suspension and the order to cease and desist, and to allow the defendant to continue serving his patients in urology.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, today January 11, 2011.

WE HEREBY CERTIFY that copy of the instant motion was notified to Mr. Luis Hernández Cardona, Esq.

JOSÉ LUIS GONZÁLEZ CASTAÑER
COLEGIADO Núm. 9110
RUA Núm. 7523
Westernbank World Plaza, Suite 1500
268 Muñoz Rivera Ave.
Hato Rey, Puerto Rico 00918
Tel. (787) 758-7819
Fax. (787) 758-4152
email: jlgclaw@gmail.com

ROBERTO ARIEL FERNÁNDEZ
COLEGIADO Núm. 10704
RUA Núm. 9409
Westernbank World Plaza, Suite 1500
268 Muñoz Rivera Ave.
Hato Rey, Puerto Rico 00918
Tel. (787) 758-7819
Fax. (787) 758-4152
email: rafernandezlaw.com

-3-

GOBIERNO DE PUERTO RICO
DEPARTAMENTO DE SALUD
JUNTA DE LICENCIAMIENTO Y DISCIPLINA MÉDICA

| | |
|---|---|
| JUNTA DE LICENCIAMIENTO Y DISCIPLINA MÉDICA, | Caso Núm. T 2009-0002-2010-201 |
| v. | SOBRE: Resolucióm 2010-53 |
| Dr. Francisco M. Dubocq Berdeguez, | Certificación de Especialidad en Urología |
| Lic. Núm. 9736 | |

AVISO DE COMPARECENCIA Y
SOLICITUD PARA QUE SE DEJE SIN EFECTO
SUSPENSIÓN SUMARIA

A LA HONORABLE JUNTA:

**COMPARECE** el querellado, Dr. Francisco M. Dubocq Berdeguez, a través de los abogados que suscriben, y respetuosamente presenta esta moción como sigue:

1. Mediante Resolución de 23 de diciembre de 2010, esta Honorable Junta: a) Suspendió sumariamente la Certificación de Especialidad que le había emitido al querellado, doctor Francisco M. Dubocq Berdeguez, mediante la cual estaba autorizado a practicar la especialidad médica de urología; b) Le ordenó al querellado que cesara y desistiera de inmediato de continuar practicando la especialidad de urología; y 3) Señaló una vista a llevarse a cabo hoy 11 de enero de 2011. El querellado recibió dicha Resolución el 3 de enero de 2011.

2. La Resolución mencionada señala que la Junta recibió una queja de la Puerto Rico Urological Association contra el doctor Dubocq. Esta Junta no le ha provisto al doctor Dubocq copia de dicha queja, en la cual, según la Resolución de esta Junta, se alega que el doctor Dubocq no cumplió con el requisito de "el año de residencia en una institución reconocida y acreditada por la American Board of Medical Specialties o por la Junta Nacional de Especialidad" y que "tampoco surge que la residencia se haya

realizado en un programa acreditado por ACGME [(Accreditation Council for Graduate Medical Education)]."

3. El 4 de enero de 2011, el querellado presentó, *pro se*, una moción para que se deje sin efecto la vista pautada para el 11 de enero, de manera que se le haga posible contratar un abogado.

4. La suspensión sumaria sin vista previa es una medida de excepción, pues siempre plantea el problema de si cumple con el requisito constitucional del debido proceso de ley. En el presente procedimiento administrativo, esa ausencia de vista previa se añade al hecho de que esta Junta citó al querellado a una vista sin antes proveerle copia de la querella que dio origen a este procedimiento. Tal omisión siempre viola el debido proceso de ley, pues deja al querellado en un estado de indefensión que nunca se justifica. *Véase*, e.g., Unión Independiente v. Autoridad de Edificios Públicos, 146 D.P.R. 611 (1998).

5. La Resolución de esta Junta menciona su facultad para corregir errores y la doctrina de que un error adminstrativo no crea derechos ni impide su corrección. Mas la Resolución no menciona en qué consistió el posible error ni por qué es adecuado suspender sumariamente al querellado sin vista previa y sin notificación previa de la querella. *Véase*, Guillemard v. Contreras, Comisionado de Seguros de Puerto Rico, 490 F.3d 31 (1st Cir. 2007)(la suspensión sumaria de una licencia profesional sin vista previa y sin notificación previa de los cargos viola el debido proceso de ley y requiere para su corrección la reinstalación inmediata de la licencia); Chalkboard v. Brandt, 902 F.2d 1375 (9th Cir. 1989)(*idem*).

6. La mera invocación de la seguridad pública nunca es suficiente para justificar un procedimiento sumario que prescinda de una vista previa a la suspensión de una licencia o de una certificación de especialidad. Máxime cuando esta Junta ya había pasado juicio sobre los credenciales del doctor Dubocq, los cuales fueron suficientes para que se le emitiera el certificado de especialidad en urología; y el querellado nunca ha sido ni siquiera demandado por alegada mala práctica de su profesión.

-2-



7.  Primero, el querellado solicita que la vista pautada para hoy no se lleve a cabo, pues es imperativo que se le provea copia de la querella de la Puerto Rico Urological Association y un tiempo razonable para prepararse para la vista. Finalmente, el querellado también le solicita a este Honorable Junta que, en el *interim*, le permita continuar trabajando como urólogo. Para justificar tal solicitud, se acompaña con la presente moción copia de los diplomas que acreditan que el doctor Dubocq completó su residencia de cuatro años en urología, los cuales obran en el expediente del doctor Dubocq ante esta Junta, **(Exhibits A-1 y A-2)** y una carta de la Accreditation Council for Graduate Medical Education (ACGME), mediante la cual se certifica que la institución donde el doctor Dubocq hizo su residencia en urología es participante de un programa acreditado por dicha entidad. **(Exhibit B)**

**ANTE LO CUAL**, se le solicita a este Honorable Junta que deje sin efecto la vista señalada para hoy; que le provea al querellado copia de la querella; y que deje sin efecto la suspensión sumaria y la orden de cesa y desista y permita que el querellado continúe atendiendo sus pacientes de urología.

**RESPETUOSAMENTE SOMETIDO.**

En San Juan, Puerto Rico, hoy 11 de enero de de 2011.

**CERTIFICAMOS** que notificamos copia fiel y exacta de esta moción al Lcdo. Luis Hernández Cardona.

*[signature]*
**JOSÉ LUIS GONZÁLEZ CASTAÑER**
**COLEGIADO Núm. 9110**
**RUA Núm. 7523**
Westernbank World Plaza, Suite 1500
268 Muñoz Rivera Ave.
Hato Rey, P.R. 00918
Tel. (787) 758-7819
Fax (787) 758-4152
e-mail: jlgclaw@gmail.com

*[signature]*
**ROBERTO ARIEL FERNÁNDEZ**
**COLEGIADO Núm. 10704**
**RUA Núm. 9409**
Westernbank World Plaza, Suite 1500
268 Muñoz Rivera Ave.
Hato Rey, P.R. 00918
Tel. (787) 421-1061
Fax (787) 758-4152
e-mail: rafernandezlaw@yahoo.com

# NEW YORK CITY HEALTH AND HOSPITALS CORPORATION
## LINCOLN MEDICAL AND MENTAL HEALTH CENTER

in affiliation with

**Downtown Bronx Medical Associate P.C.**

and

**Joan and Sanford I. Weill Medical College**

of

**Cornell University**

certifies that

# Francisco Manuel Dubocq, M.D.

has satisfactorily performed the duties of

**Non-Categorical Resident in Urology (PGY-V, VI, VII and VIII)**

from

**September 1, 2003 to August 31, 2007**

In Witness Whereof, the undersigned have affixed their signatures this 31st day of August, 2007

Executive Director — Medical Director — Director, Graduate Medical Education — Chief of Service — Residency Program Director

Exhibit A-1

Exhibit A-2

**NEW YORK CITY HEALTH AND HOSPITALS CORPORATION
LINCOLN MEDICAL AND MENTAL HEALTH CENTER**

in affiliation with

**Downtown Bronx Medical Associate P.C.**

and

Joan and Sanford I. Weill Medical College

of

Cornell University

certifies that

**Francisco Manuel Dubocq, M.D.**

has satisfactorily performed the duties of

**Non-Categorical Chief Resident in Urology (PGY-VIII)**

from

**September 1, 2006 to August 31, 2007**

In Witness Whereof, the undersigned have affixed their signatures this 31st day of August 2007

_[signature]_ Residency Program Director
_[signature]_ Chief of Service
_[signature]_ Director, Graduate Medical Education
_[signature]_ Medical Director
_[signature]_ Executive Director





*Exhibit B*

**ACGME**

**Accreditation Council for Graduate Medical Education**

515 North State Street
Suite 2000
Chicago, Illinois 60654

Phone 312.755.5000
Fax 312.755.7498
www.acgme.org

March 1, 2010

Francisco M. Dubocq, MD
F.M. DUBOCQ BERDEGUES, M.D. & F.M. DUBOCQ BENTURA M.D.
INSTITUTO DE UROLOGIA AVANZADA
TORRE SAN PABLE, SUITE 101
BAYAMON, PR 00959

Dear Dr. Dubocq:

I received your request from Ms. King, regarding the accreditation status of the Urology residency program at **New York Medical College at Westchester Medical Center Program**. **New York Medical College at Westchester Medical Center** Program was accredited for the time period of 2003-2008.

**Lincoln Medical and Mental Health Center** was a participating institution for the time period of 2003-2008.

If I can be of further assistance please don't hesitate to contact our office.

Gloria Rouse-LaRue
Accreditation Assistant
312.755.5012 (O)
312.755.7498 (F)
glr@acgme.org e-mail